## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Mar 05 2015, 7:10 am

*Kevin S. Smith*

**CLERK**
of the supreme court,
court of appeals and
tax court

| ATTORNEY FOR APPELLANT | ATTORNEYS FOR APPELLEE |
|---|---|
| Jill M. Acklin<br>McGrath, LLC<br>Carmel, Indiana | Gregory F. Zoeller<br>Attorney General of Indiana<br><br>George P. Sherman<br>Deputy Attorney General<br>Indianapolis, Indiana |

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Ted Prather,<br>*Appellant-Defendant,*<br><br>v.<br><br>State of Indiana,<br>*Appellee-Plaintiff.* | March 5, 2015<br><br>Court of Appeals Cause No.<br>29A04-1408-CR-400<br><br>Appeal from the Hamilton Superior Court<br>Cause No. 29D04-1307-CM-5542<br><br>The Honorable J. Richard Campbell, Judge |

**Barnes, Judge.**

# Case Summary

[1] Ted Prather appeals his conviction for Class C misdemeanor operating while intoxicated. We affirm.

# Issue

[2] Prather raises one issue, which we restate as whether the arresting officer's testimony about previous operating while intoxicated investigations and arrests amounted to fundamental error.

# Facts

[3] On January 26, 2013, Prather was driving on 146th Street in Hamilton County when Noblesville Police Officer Bradley Kline observed Prather weave inside his lane, increase and decrease speed, and change lanes without signaling or without properly signaling. Officer Kline initiated a traffic stop and noticed that Prather smelled of alcohol, had slurred speech, and had red glassy eyes. Officer Kline also observed poor lethargic manual dexterity by Prather. When Officer Kline asked Prather if he had been drinking, Prather said he did not know how to answer. Prather declined field sobriety tests and a chemical test. Officer Kline obtained a search warrant, and a blood draw was performed. The results of the test indicated that Prather's blood alcohol content ("BAC") was .12.

[4]     The State charged Prather with Class C misdemeanor operating while intoxicated and Class C misdemeanor operating with an alcohol concentration equivalent of at least .08.  A bench trial was conducted at which the results of the blood draw were admitted into evidence, and Officer Kline testified about his encounter with Prather.  During his testimony, the prosecutor questioned Officer Kline without objection as follows:

> Q.     All right.  Now, to go back into your general experience, in the course with your time with the Noblesville Police Department, do you have an approximation of how many OWI Investigations that you have conducted?
>
> A.     It would be in the hundreds.
>
> Q.     And of those investigations, do you have an estimate of how many resulted in arrests?
>
> A.     I would, it would still be in the hundreds.
>
> Q.     Do you have a rough idea of the percentage of arrests versus investigations?
>
> A.     It would probably be about 90%.

Tr. p. 23.  The trial court found Prather guilty of both counts but entered judgment of conviction only for Class C misdemeanor operating while intoxicated.  Prather now appeals.

## Analysis

[5]     Prather contends that Officer's Kline's testimony about his record of investigations and arrests was inadmissible vouching evidence under Indiana Evidence Rule 704(b).  Generally, the admission of evidence at trial is a matter left to the trial court's discretion.  *Clark v. State*, 994 N.E.2d 252, 259-60 (Ind. 2013).  Because there was no objection to this testimony, Prather acknowledges

that the purported error must amount to fundamental error. The fundamental error doctrine is an exception to the general rule that the failure to object at trial constitutes procedural default precluding consideration of the issue on appeal. *Halliburton v. State*, 1 N.E.3d 670, 679 (Ind. 2013). The fundamental error exception is extremely narrow and applies only when the error constitutes a blatant violation of basic principles, the harm or potential for harm is substantial, and the resulting error denies the defendant fundamental due process. *Id.* "This exception is available only in egregious circumstances." *Id.*

[6] Indiana Evidence Rule 704(b) prohibits witnesses from testifying "to opinions concerning intent, guilt, or innocence in a criminal case; the truth or falsity of allegations; whether a witness has testified truthfully; or legal conclusions." Prather contends that Officer Kline's testimony was an attempt to vouch for his own accuracy in identifying individuals for whom there is probable cause to arrest.

[7] Even if we were to assume that this was improper vouching testimony, we cannot agree that its admission resulted in fundamental error here. Officer Kline's history of investigations and arrests has little bearing on his first-hand observations of Prather's driving, which included weaving within the lane, increasing and decreasing speed, and improper lane changes. Moreover, lab tests showed that Prather's BAC was .12. In light of the overwhelming evidence against Prather, the admission of Officer Kline's testimony about previous investigations and arrests did not amount to fundamental error.

# Conclusion

Prather has not shown that the admission of Officer Kline's testimony was fundamental error. We affirm.

Affirmed.

May, J., and Pyle, J., concur.